Patel v. Bondi

BIA
Perl, IJ
A220 730 988/989/990/991

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of March, two thousand twenty-six.

PRESENT:
> GERARD E. LYNCH,
> ALISON J. NATHAN,
> SARAH A. L. MERRIAM,
> > *Circuit Judges.*

_____

GHANSHYAMBHAI PATEL, USHABEN PATEL, T.P., S.P.,
> *Petitioners,*

v.

23-8095
NAC

PAMELA BONDI, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*[*]

_____

[*] The Clerk of Court is respectfully directed to amend the official case caption to conform to the caption above.  We use only initials to refer to the minor petitioners

FOR PETITIONERS:  Elliot A. Rahimi, Rahimi Law Firm P.C., Great Neck, NY.

FOR RESPONDENT:  Brian Boynton, Principal Deputy Assistant Attorney General; Leslie McKay, Assistant Director; William C. Minick, Senior Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Ghanshyambhai Patel, Ushaben Patel, and their children,[1] natives and citizens of India, seek review of a November 27, 2023, decision of the BIA affirming a February 15, 2023, decision of an Immigration Judge ("IJ" and, together with the "BIA," "the agency") denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Patel, et al.*, Nos.

---

in this publicly accessible order, consistent with Federal Rule of Civil Procedure 5.2(a)(3) and Federal Rule of Appellate Procedure 25(a)(5).

[1] References to "Patel" in the remainder of this order are to lead petitioner Ghanshyambhai Patel.

A 220 730 988/989/990/991 (B.I.A. Nov. 27, 2023), *aff'g* Nos. A 220 730 988/989/990/991 (Immig. Ct. N.Y. City Feb. 15, 2023). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005). "We review *de novo* questions of law and the application of law to fact" and "[w]e review the agency's factual findings . . . under the substantial evidence standard." *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

Patel alleged that members of the Bharatiya Janata Party ("BJP") in his home province threatened and assaulted him because he supported the Congress Party. An applicant, like Patel, whom the agency has found to have suffered past persecution is presumed to have a fear of future persecution. 8 C.F.R. §§ 1208.13(b)(1), 1208.16(b)(1)(i). The Department of Homeland Security ("DHS") may rebut the presumption by establishing "by a preponderance of the evidence" that (1) "[t]he applicant could avoid future persecution by relocating to another part of the applicant's country," and (2) "under all the circumstances, it would be

3

reasonable to expect the applicant to do so." *Id.* § 1208.13(b)(1)(i)(B), (ii); *see also id.* § 1208.16(b)(1)(i)(B), (ii). The agency reasonably determined that DHS rebutted the presumption of future persecution by establishing that Patel could safely and reasonably relocate.

Patel first argues that the IJ improperly placed the burden of proof on him to demonstrate that relocation was not safe and reasonable. However, the IJ stated that DHS had the burden to establish that internal relocation would be safe and reasonable, and, after examining the record and citing DHS's evidence, it concluded that DHS had done so. Here, the IJ cited the relevant regulations creating the presumption, considered DHS's evidence, and found that it supported relocation. Only then did the IJ turn to Patel's arguments and evidence, evaluating whether they outweighed DHS's. Thus, reading the decision as a whole, the IJ adhered to the regulatory scheme. 8 C.F.R. §§ 1208.13(b)(1)(ii), 1208.16(b)(1)(ii).

Substantial evidence supports the IJ's conclusion that DHS rebutted the presumption of future persecution by establishing that Patel "could avoid future persecution" by relocating to Punjab. *Id.* § 1208.13(b)(1)(i)(B); *see also id.* § 1208.16(b)(1)(i)(B). Assuming that DHS had the burden on the relocation issue, it had to show that, by relocating to Punjab, Patel could avoid being targeted by

4

BJP members while still supporting the Congress Party or could at least seek protection from the police if attacked on account of his political opinions. *See Bah v. Mukasey*, 529 F.3d 99, 115 (2d Cir. 2008) (observing that only future persecution "related to the original claim, e.g., persecution on account of membership in [the petitioner's] particular social group," is presumed).

Patel testified that he feared being tracked by BJP members through his national identification card. The IJ reasonably found that Patel was unlikely to be tracked, given DHS's evidence that (1) "the Indian Supreme Court recently ruled that private and corporate entities are prohibited from using the national identification card system to establish the identity of an Indian citizen without their consent," Certified Admin. R. ("CAR") at 72, so "BJP party members, who are not the government, would generally not have access to information from the identification cards," CAR at 73, (2) other tracking and surveillance systems are limited, and (3) "there is no indication that [Patel's] persecutors would even attempt to find him in another area of India, especially as there is no indication that he had a prominent role in the Congress Party." CAR at 72–73. Additionally, the IJ relied on DHS's evidence of the Congress Party's recent electoral victory in municipal elections in Punjab, which supports the IJ's conclusion that Patel could

5

safely support the Congress Party in that state (as compared to Patel's home state of Gujarat, where he alleged almost everyone supported the BJP). *See Bah*, 529 F.3d at 115. Although the Congress Party does not control Punjab's state-level government, neither does the BJP. And the IJ reasonably concluded that Punjab's police force is independent of the national, BJP-controlled government because DHS provided evidence that Indian police fall within state jurisdiction.

While Patel provides evidence of reports of political violence, "[g]eneral country-conditions evidence does not on its own compel the conclusion that an individual will be persecuted or that internal relocation is insufficient to avert persecution." *Singh v. Garland*, 11 F.4th 106, 116–17 (2d Cir. 2021). Thus, a reasonable fact finder would not be compelled to find that Patel would be unable to avoid persecution by relocating to Punjab.

Finally, Patel has abandoned any challenge to the IJ's determination that DHS carried its burden of establishing that relocation would be reasonable because he does not address the factors relevant to that determination in his brief. *See Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023) ("We consider abandoned any claims not adequately presented in an appellant's brief, and an appellant's failure to make legal or factual arguments constitutes abandonment." (quotation

marks omitted)); *see also* 8 C.F.R. §§ 1208.13(b)(3), 1208.16(b)(3).  The agency's finding that internal relocation would be both safe and reasonable for Patel and his family is dispositive of asylum and withholding of removal.[2]  *See* 8 C.F.R. §§ 1208.13(b)(1)(i)(B), 1208.16(b)(1)(i)(B).

For the foregoing reasons, the petition for review is DENIED.  All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

---

[2] While Patel initially applied for protection under the CAT as well, the BIA found that Patel did "not challenge the [IJ's] denial of his application for protection under the regulations implementing the [CAT]" and therefore determined that Patel had abandoned any such challenge.  CAR at 3 n.3.  Patel does not challenge the BIA's finding in this Court.  Accordingly, we deem abandoned any claim under the CAT.

7